IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEON KREPPS, | : | No. 3:10cv1948 |
| Petitioner | : | No. 3:08cr392 |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Before the court is Petitioner Leon Krepps's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Having been fully briefed, the matter is ripe for disposition.

**Background**

A federal grand jury returned a two-count indictment on October 28, 2008, charging Petitioner Leon Krepps (hereinafter "petitioner") with one count of receiving child pornography by means of a computer in violation of 18 U.S.C. § 2252(a)(2) and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). (See Doc. 1, Indictment). Petitioner entered a not-guilty plea the next day. (See Doc. 9). On January 5, 2009, the parties filed a plea agreement in this court. (See Doc. 16, Plea Agreement). On February 2, 2009, the court accepted petitioner's motion to change his plea, and petitioner entered a plea of guilty to Count I of the indictment. (See Doc. 56, Change of Plea Tr. at 32). On September 16, 2009, this court sentenced petitioner to a term of 135 months of

imprisonment – the term recommended in petitioner's plea agreement. (See Doc. 55, Sentencing Tr. at 7, 14). On September 17, 2010, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate his sentence. (Doc. 42, Pet. Mot. to Vacate).

**Legal Standard**

Federal law provides prisoners with a means to collaterally attack the validity of their sentence. The relevant statutes provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). The purpose of this statute is to allow "a prisoner in custody under sentence of a federal court to move that court to correct an erroneous sentence." United States v. Biberfeld, 957 F.2d 98,101 (3d Cir. 1992). Relief is available under this statute when the sentencing error amounts to a "'fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure.'" United States v. Cleary, 46 F.3d 307, 311 (3d Cir. 1995) (quoting United States v. DeLuca, 889 F.2d 503, 506 (3d Cir. 1989), cert. denied, 496 U.S. 939, (1990)). Here, Krepps alleges that his sentence is in violation of federal law because his time served was improperly calculated and because his attorney was unconstitutionally deficient.

2

**Discussion**

Petitioner Leon Krepps brings this collateral attack on his sentence of 135 months for his felony conviction under 18 U.S.C. § 2252(a)(2). The court acknowledges that Petitioner Krepps agreed to waive his "right to challenge any conviction or sentence or the manner in which the sentence was determined in any collateral proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255." (Doc. 16, Plea Agreement at 16). Furthermore, Petitioner Krepps orally acknowledged at his plea hearing, through his attorney, that he understood that he was waiving his right to collaterally attack his sentence. (Doc. 56, Change of Plea Tr. at 19).

A district court can enforce a prisoner's waiver of his right to collaterally attack his sentence if the district court is satisfied as to the validity of the waiver. See United States v. Marbry, 536 F.3d 231, 237-38 (3d Cir. 2008). In assessing waivers, a district court has the duty to assure itself that the waiver was 1) knowingly and voluntarily entered into and 2) that enforcing the waiver will not result in a miscarriage of justice. Id. (citing United States v. Khattack, 273 F.3d 557, 563 (3d Cir. 2001)).

As discussed above, petitioner acknowledged in his plea agreement and in open court that he understood he was waiving his right to appeal. The record is void of any indication of substantive or procedural coercion or confusion on petitioner's part, and petitioner makes no such allegations in his motion to vacate. Thus, the

3

court is satisfied that petitioner knowingly and voluntarily waived his right to collaterally attack his sentence. The court is similarly satisfied that enforcing the waiver will not result in a miscarriage of justice. As will be discussed below, the claims raised by petitioner in his motion to vacate, if true, would not have impacted the plea agreement and the ultimate sentence imposed. Therefore, the court would be within the bounds of its power to enforce the waiver provision of petitioner's plea agreement.

In the interests of completeness, however, the court will examine whether any of Petitioner Krepps's challenges to his sentence present a viable claim that his sentence was the result of a fundamental defect in the adjudication process. A review of his allegations reveals that they do not.

**A. Calculation of Time Served**

The first ground on which Petitioner Krepps attacks his sentence is that the court erred in failing to consider Krepps' home confinement as time served. Specifically, Krepps alleges, "[b]etween Oct. 2008 and Oct. 2009, I served 12 months of ankle-monitored home confinement. This time was definitely confinement and greatly restricted my freedom of movement." (Doc. 42, Pet. Mot. to Vacate at 5). While the court acknowledges that pre-trial defendants lose a degree of freedom when on home confinement, Krepps's claim must nonetheless fail because federal law does not allow for time spent on home confinement to be counted toward time served.

4

> The applicable statute on the calculation of credit for time served provides:
>
> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in **official detention** prior to the date the sentence commences--
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

18 U.S.C. § 3585(b) (emphasis added). The Supreme Court has clarified that the phrase "official detention" as used in 28 U.S.C. § 2585(b) does not refer to the restrictive conditions placed on a defendant's bail, even if those restrictive conditions significantly curtail the defendant's liberty. See Reno v. Koray, 515 U.S. 50, 56 (1995). Rather, the Supreme Court clarified that "official detention" for the purposes of calculating time served means the time that a defendant was detained in a penal or correctional facility. See id.; see also Edwards v. United States, 41 F.3d 154, 156-57 (3d Cir. 1994) (holding that "the terms of [petitioner's] home confinement were just not sufficiently onerous to approach jail-type incarceration, and, therefore, did not constitute official detention"); United States v. Porter, No. 08-cr-337-02, 2011 WL 291351 (E.D. Ark. Jan. 27, 2011) (holding that the petitioner is ineligible for a sentence credit for the months spent in home confinement); Swinney v. United States, Nos. 05-179, 07-2144, 2008 WL 2845071 (D. Md. July 22, 2008) (same).

The law is clear–"official detention," as that term is used in 18 U.S.C. § 3585(b), does not include home confinement. Therefore, the first ground listed in Krepps's motion to vacate is without merit.

5

**B. Ineffective Assistance of Counsel**

The second and third grounds for relief listed in Krepps's motion to vacate allege that his sentence is fundamentally flawed because he received ineffective assistance of counsel. (Doc. 42, Pet. Mot. to Vacate at 5). These grounds will be jointly considered by the court because the same legal principles are at issue.

The Supreme Court has found that "'the right to counsel is the right to the effective assistance of counsel.'" Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771, n.14 (1970)). Counsel is ineffective when "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. To prove that his counsel was deficient at trial or sentencing, a defendant must convince a court of two factors. Id. at 687. "First, the defendant must show that counsel's performance was deficient[,] . . that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. Substandard lawyering is not enough to obtain relief. "Second, the defendant must show that the deficient performance prejudiced the defense" by demonstrating that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. Relief is only available to defendants who make "both showings." Id. In sentencing, "prejudice exists where the deficient performance affected a defendant's sentence." United States v. Hankerson, 496 F.3d 303, 310 (3d Cir. 2007).

If a defendant fails to show deficiency and prejudice, then "it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Strickland at 687. Notably, "[j]udicial scrutiny of counsel's performance must be highly deferential." Marshall v. Cathel, 428 F.3d 452, 462 (3d Cir. 2005) (quoting Strickland, 466 U.S. at 689). This deference is afforded because "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690.

Petitioner contends that the counsel who represented him fell below the minimum standards articulated in Strickland. Petitioner was represented by the same counsel, Ingrid S. Cronin, from his initial appearance until his sentencing. (See Docs. 8, 12, 55, 56). In his motion to vacate, petitioner alleges that Cronin provided ineffective assistance by denying Petitioner the ability to review the "images and video clips located on [his] computers." (Doc. 42, Pet. Mot. to Vacate at 6). Petitioner also alleges that Cronin was ineffective because she did not "mak[e] any attempt to negotiate for a sentence reduction in exchange for" information petitioner provided to the FBI regarding unrelated crimes. (Id. at 7-8). Neither ground satisfies the two prongs set out in Strickland.

First, the court fails to see the merit in petitioner's claim that Cronin's representation of him was constitutionally deficient for denying petitioner the ability to view images found on petitioner's computer. Federal law provides that evidence

7

used in a child pornography prosecution is deemed "reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial." 18 U.S.C. § 3509(m)(2)(B).

Petitioner's counsel was afforded the opportunity to examine the evidence against petitioner, and this is sufficient under the legal guarantees which allow for the inspection of incriminating evidence. While petitioner may be frustrated with his counsel's decision to review the evidence without him, defense counsel's strategic decision does equate to a breakdown in the adversarial process, as required by Strickland. Furthermore, petitioner's inability to view the images on his computer bore no relevance on his sentence. Petitioner admitted to downloading illicit images during his change of plea hearing. (Doc. 56, Change of Plea Tr. at 24-27). Petitioner was also able to review five government exhibits at that same change of plea hearing, and he admitted to possessing the illicit material represented in those exhibits. (Id. at 22-23, 25). Therefore, petitioner's claim that his counsel was constitutionally ineffective because she did not review certain pieces of evidence with him must fail because there is no indication that counsel's conduct was deficient or that it prejudiced petitioner's sentence.

Second, petitioner's claim of inefficient assistance of counsel on the ground that Cronin did not negotiate for a sentencing reduction in exchange for petitioner's

cooperation with the government in unrelated investigations also fails to satisfy the two pronged test of Strickland.  Petitioner essentially alleges in his motion that he provided information about "prescription drug criminal activity" and "a very high-profile case involving possible police brutality by 5 or 6 members of the Wilkes-Barre Police Dept," and that he is unaware of attempts by his attorney to use this information in plea negotiations.  (Doc. 42, Pet. Mot. to Vacate at 7-8).

To demonstrate prejudice in the context of plea negotiations, a defendant must show that "but for his trial attorney's alleged ineffectiveness, he would have likely received a lower sentence."  United States v. Booth, 432 F.3d 542, 546-47 (3d Cir. 2005).  Even if it is assumed that Cronin's actions were somehow defective, there is no evidence of prejudice in this context because the government acknowledged in its opposition brief that it was made aware of petitioner's cooperation in unrelated investigations during the plea negotiations, but that "the government did not agree to a sentencing reduction."  (Doc. 53, Gov't Resp. to Mot. to Vacate Under 28 U.S.C. § 2255 at 4).  Therefore, the second prong of Strickland is not satisfied and no prejudice exists.

Furthermore, the court notes that the record provides ample evidence that petitioner's counsel provided more than adequate representation.  Petitioner acknowledged he was satisfied with his counsel twice during the change of plea hearing.  (Doc. 56, Change of Plea Tr. at 5-6).  Petitioner also requested, through his counsel, the bargained for sentence of 135 months at the sentencing hearing.  (Doc.

55, Sentencing Tr. at 7-8). Petitioner did not use his opportunity to speak at the change of plea or sentencing hearings to call the court's attention to his counsel's failures to adequately represent his cooperation with the government. The record in this case offers no support for petitioner's contention that defense counsel provided constitutionally defective representation.

**Conclusion**

For the above stated reasons, the court will deny petitioner's motion. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEON KREPPS,** | : | No. 3:10cv1948 |
| Petitioner | : | No. 3:08cr392 |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 30th day of September 2011, petitioner's motion to vacate his sentence under 28 U.S.C. § 2255 (Doc. 42) is hereby **DENIED**. The Clerk is directed to close case number 3:10cv1948. Based upon the reasoning in the accompanying memorandum, we decline to issue a certificate of appealability. See 28 U.S.C. § 2253(c) and 3d Cir. LAR. 22.

BY THE COURT

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**